[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Appeal from an assessment of damages in the amount of $925 (Nine Hundred Twenty-Five Dollars) made by the defendant Commissioner of Transportation in respect to the partial taking of the plaintiffs' land known as 1511 Sullivan Avenue in the Town of south Windsor and more particularly shown on map entitled "Town of South Windsor, map showing land acquired from Roger L. Chagnon Et Al by the State of Connecticut, Conn. Rte. 194, Scale 1" = 40' August 1990, Robert W. Gubala, Transportation Chief Engineer — Bureau of Highways." The parties stipulated that the date of taking was October 24, 1991. The parties also agreed that the deposit of $925 (Nine Hundred Twenty-Five Dollars) with the Clerk of the Superior Court had not been released to the plaintiffs.
Subject property consists of .466 acres of land on the westerly side of Sullivan Avenue. The parcel is rectangular in shape with a frontage of 100 feet on Sullivan Avenue and contains an area of 20,300 square feet. The land is improved by a 6 room ranch-type dwelling. The take consists of a three foot strip along the entire 100 foot frontage of the subject property on Sullivan Avenue.
Robert Cohen, a real estate appraiser testified as an expert witness on behalf of the plaintiffs. It was his opinion, based on market data, that the before value of the subject property was $145,000 (One Hundred Forty-Five Thousand Dollars), the after value $120,000 (One Hundred Twenty Thousand Dollars) and the damages $25,000 (Twenty Five Thousand Dollars). He opined that the property would be adversely affected by the increased traffic that would be generated on Sullivan Avenue and by moving the highway three feet closer to the dwelling.
Raymond Boucher, a real estate appraiser employed by the Department of Transportation, testified as an expert witness on behalf of the Commissioner. Boucher felt that the dwelling would not be adversely affected by the take. He, therefore, limited his valuation to the land as if vacant. It was his opinion that the before value of the land was $60,000 (Sixty Thousand Dollars), the after value $59,075 (Fifty Nine Thousand Seventy-Five Dollars) and the damages $925 (Nine Hundred Twenty-Five Dollars).
I find the testimony of Mr. Boucher more credible in most respects than the testimony of Mr. Cohen. After viewing the site of the subject property and the site of several comparable properties and giving consideration to the testimony of the appraisers and to my own knowledge of CT Page 4094 the elements that establish fair market value I find the before value of the subject property is $145,000 (One Hundred Forty-Five Thousand Dollars), the after value 143,000 (One Hundred Forty-Three Thousand Dollars) and the damages $2,000 (Two Thousand Dollars).
Accordingly, judgment may enter for the plaintiffs in the amount of $2,000 (Two Thousand Dollars) less $925 (Nine Hundred Twenty-Five Dollars) available to the plaintiffs in the Clerk's Office of the Superior Court at their request with interest on the $1,075 (One Thousand Seventy-Five Dollars) excess from the date of the take to the date of payment, together with costs and an appraisal fee of $1,200 (One Thousand Two Hundred Dollars).
LEO PARSKEY STATE TRIAL REFEREE